IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| SARAH DENISE MACK, individually, and as surviving spouse and next of kin of DAVID LEON BATTS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>KNOX COUNTY, TENNESSEE and SHERIFF TOM SPANGLER, in his official capacity.<br><br>    Defendants. | No. _____<br><br><br><br>Jury Demanded |

**COMPLAINT**

Plaintiff Sarah Denise Mack ("Plaintiff"), individually and as surviving spouse and next of kin of David Leon Batts ("Mr. Batts" or "Decedent"), files this civil action for damages and other relief under 42 U.S.C. § 1983 and the United States Constitution, and for related relief under Tennessee law. In support, Plaintiff alleges as follows:

NATURE OF ACTION

1. This action arises from the preventable injuries and death of David L. Batts, a 46-year-old man who was taken from a hospital to the Knox County jail while visibly disoriented, and who was then subjected to pain-compliance force (including chemical spray, multiple Taser deployments, and a punch to the face) instead of being diverted for urgent medical evaluation. He deteriorated for hours in a holding cell before jail staff finally requested emergency medical assistance. Mr. Batts died the next day at the University of Tennessee Medical Center ("UTMC").

2. At all relevant times, Defendants acted under color of state law. Defendants' acts and omissions deprived Mr. Batts of rights secured by the Constitution and laws of the United

States, including the right to be free from excessive force and the right to adequate medical care while in custody.

3. Plaintiff seeks compensatory and punitive damages (as permitted by law), attorneys' fees and costs under 42 U.S.C. § 1988, and all other relief to which she is entitled.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under 42 U.S.C. § 1983.

5. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and/or a substantial part of the events and omissions giving rise to the claims occurred in this District.

## THE PARTIES

7. Plaintiff Sarah Denise Mack is Mr. Batts' surviving spouse and next of kin. Ms. Mack and Mr. Batts' marriage license is attached hereto as Exhibit 1. Plaintiff is the proper party to bring a wrongful-death action under Tenn. Code Ann. § 20-5-106 and to pursue survivorship damages available under federal law for the constitutional injuries that Mr. Batts suffered before his death.

8. Decedent David Leon Batts (D.O.B. 10/13/1978) was a resident of Knox County, Tennessee.

9. Defendant Knox County, Tennessee ("Knox County") is a local governmental entity organized under the laws of the State of Tennessee. Knox County operates the Roger D. Wilson Detention Facility and is a "person" under 42 U.S.C. § 1983.

10. Defendant Sheriff Tom Spangler is the Sheriff of Knox County, Tennessee. As Sheriff, Spangler exercises final policymaking authority over aspects of the Jail's operations, including policies, customs, training, supervision, and discipline regarding the care, custody, and use of force against persons held at the Jail. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

11. On January 7, 2025, Mr. Batts was encountered by law enforcement and emergency medical personnel after an incident at Knoxville Area Transit ("KAT") facilities located at or near 1135 East Magnolia Avenue in Knoxville, Tennessee. Mr. Batts was visibly disoriented and not acting like himself.

12. At all relevant times, Mr. Batts was employed by KAT as a bus cleaner.

13. Emergency medical personnel transported Mr. Batts to UTMC for evaluation. Hospital personnel documented altered mental status and behavior consistent with a serious medical condition.

14. While at UTMC, an allegation was made that Mr. Batts inappropriately touched staff. With complete disregard for Mr. Batts' serious medical emergency, he was arrested at the hospital and taken into custody by the Knoxville Police Department. Mr. Batts' mental condition had not stabilized, and he remained unable to process commands or care for himself.

15. Mr. Batts was transported to the Roger D. Wilson Detention Facility ("Jail") and arrived shortly before 2:00 p.m. Jail and/or transporting officers observed that Mr. Batts had difficulty following basic instructions and had trouble walking and standing.

16. *Figure 1* below depicts Mr. Batts in the back of the transport vehicle. Mr. Batts was clearly experiencing a medical emergency, as he was unable to get out of the vehicle unassisted.



*Figure 1*

17. After Mr. Batts was removed from the transport vehicle, Jail staff attempted to complete booking, search, and clothing exchange procedures. Mr. Batts' inability to comply stemmed from his impaired cognition, confusion, and physical instability, not from purposeful resistance.

18. Instead of diverting Mr. Batts for urgent medical evaluation, Jail staff escalated the encounter into a use-of-force event. During forced compliance efforts in or around an intake/holding area, officers deployed chemical spray and repeatedly deployed a Taser while attempting to compel Mr. Batts to change clothing.

19. *Figure 2* below depicts Mr. Batts during the use-of-force incident and illustrates the nature of the forced compliance being applied.



*Figure 2*

20. During this encounter, at least one officer struck Mr. Batts in the head/face. After the use of force, officers left Mr. Batts in a holding cell for over eight (8) hours without any medical attention.

21. From approximately mid-afternoon until late evening, Mr. Batts remained in a holding cell. During this period, he exhibited worsening signs of medical distress, including disorientation, impaired gait and coordination, and an inability to follow commands.

22. Jail staff conducted periodic "checks," but did not provide appropriate clinical assessment, did not obtain timely vital signs, and did not arrange for immediate transport back to a hospital despite obvious indicators that Mr. Batts needed urgent medical care.

23. By late evening, Mr. Batts' condition had visibly deteriorated. He exhibited excessive mucous production and worsening altered mental status, among other signs consistent with severe infection and neurological compromise.

24. At approximately 11:11 p.m., Jail staff attempted to obtain vital signs and again used physical force to gain control of Mr. Batts rather than prioritizing medical stabilization.

25. Mr. Batts was ultimately transported by ambulance from the Jail back to UTMC shortly after midnight on January 8, 2025.

26. On arrival at UTMC, Mr. Batts was critically ill. He was diagnosed with severe infection and neurological injury consistent with bacterial meningitis and related intracranial complications. His condition continued to decline despite treatment, and he later died shortly before midnight on January 8, 2025.

27. Mr. Batts' official death certificate lists his cause of death as Acute Meningitis with Sepsis.

28. Acute meningitis is a life-threatening condition that commonly presents with altered mental status, confusion, disorientation, impaired cognition, and inability to follow commands. These symptoms can appear behavioral or psychiatric to untrained observers.

29. In the hours before his death, Mr. Batts exhibited precisely these symptoms while in Knox County custody. He was confused, disoriented, unable to comply with basic instructions, and unable to care for himself.

30. Rather than recognizing these symptoms as indicators of a medical emergency requiring immediate hospital care, jail personnel treated Mr. Batts' condition as a compliance problem and responded with force and prolonged detention.

31. The presentation of acute meningitis as confusion and apparent mental impairment made it particularly foreseeable that detainees like Mr. Batts would be misclassified as resistant or noncompliant, absent proper training and medical-diversion protocols.

32. Mr. Batts sustained visible traumatic injuries during his time in custody. *Figure 3* below depicts Mr. Batts shortly after transport for medical care on January 8, 2025, showing significant facial swelling and bruising consistent with blunt-force injury.

*Figure 3* 

33. At all times relevant, Mr. Batts was a pretrial detainee. He did not pose an immediate threat requiring pain-compliance force. Defendants nevertheless used force as a substitute for medical care and as a shortcut to compel compliance from a medically compromised detainee.

34. At all times relevant, Knox County operated the Roger D. Wilson Detention Facility without an in-house mental health facility or dedicated mental health unit capable of evaluating, stabilizing, or treating detainees experiencing acute mental or neurological crises.

35. As a result, Knox County jail personnel routinely encounter detainees suffering from altered mental status, confusion, infection, intoxication, mental illness, or neurological impairment without access to specialized mental health resources. In this environment, jail staff are required to rely on training, screening protocols, and medical-diversion policies to ensure that medically or mentally unstable detainees receive appropriate care rather than being subjected to force.

36. Despite operating a detention facility without a mental health unit, Knox County failed to implement adequate policies, training, or safeguards to prevent jail staff from treating medical and mental health crises as behavioral or compliance problems. This systemic failure created a predictable risk that detainees like Mr. Batts would be subjected to force and prolonged detention instead of being diverted for emergency medical care.

37. Defendants' actions and omissions caused Mr. Batts to suffer physical pain, emotional distress, humiliation, and worsening medical injury, ultimately culminating in death.

## COUNT I – 42 U.S.C. § 1983

### Municipal Liability of Knox County, Tennessee

38. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

39. At all times material hereto, decedent was a pretrial detainee in the custody of Knox County and, as such, had a right to adequate medical care and attention as secured by the Fourteenth Amendment to the United States Constitution.

40. Acting under color of state law, officers, agents and employees of Knox County acted deliberately and in an objectively unreasonable manner, in complete disregard of a substantial risk of serious harm to decedent's health and safety and thereby acted with deliberate indifference to the serious medical needs of decedent, causing his untimely death.

41. Knox County and Sheriff Spangler maintained policies, customs, and practices that were the moving force behind the constitutional violations alleged herein, including but not limited to:

   a. Accepting and housing medically unstable detainees who should be diverted to emergency medical care;

   b. Using pain-compliance force as a routine tool to compel compliance from confused, intoxicated, mentally ill, or medically compromised detainees;

   c. Failing to ensure adequate staffing, training, and supervision regarding medical screening, recognition of medical emergencies, and appropriate escalation; and

   d. Failing to discipline officers for excessive force and failures to obtain prompt medical care, thereby ratifying unconstitutional conduct.

42. Knox County and Sheriff Spangler were deliberately indifferent to the known or obvious consequences of these policies and failures, as constitutional violations like those suffered by Mr. Batts were a highly predictable consequence.

43. In addition to this official policy or longstanding practice or custom, Defendant Knox County failed to adequately train its jail personnel how to properly respond to medical emergencies. Said failure to train amounts to deliberate indifference to the rights of pretrial detainees and similarly situated persons in the custody of Knox County, and such failure to train was the "moving force" behind such constitutional violations.

44. Knox County cannot delegate its constitutional responsibilities to third parties and therefore is ultimately liable for actions of any person or entity who is contracted to oversee and medically treat inmates, or to train jail staff or personnel on medical oversight.

45. As a direct and proximate result of Defendants' violations of decedent's constitutional rights, decedent did not receive adequate medical attention.

46. As a direct and proximate result of Defendants' violations of decedent's constitutional rights, decedent suffered needlessly and died unnecessarily.

47. Plaintiff is entitled to an award of all damages sustained by decedent, including the mental and physical suffering decedent endured before his death; the pecuniary value of the life of decedent; and all medical and funeral expenses incurred.

48. Plaintiff is further entitled to attorneys' fees, costs, and expenses of this action under 42 U.S.C. § 1988.

## COUNT II – 42 U.S.C. § 1983

### Use of Excessive Force

49. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

50. The actions and inactions of the Defendants, which resulted in the injuries and subsequent death of Mr. Batts, were done under color of state law and in a manner which caused Mr. Batts to suffer constitutional violations.

51. At the time of the events described herein, Mr. Batts had a clearly established constitutional right under the Eighth and Fourteenth Amendments of the United States Constitution to be free from cruel and unusual punishment, including malicious and sadistic use of physical force by jail officials.

52. A reasonable person would have known that these constitutional rights were clearly established at the time the alleged wrongful conduct occurred, and that such conduct violated these rights.

53. At all relevant times, Mr. Batts was a pretrial detainee, protected by the Fourteenth Amendment's guarantee that government officials will not subject him to objectively unreasonable force.

54. The force used against Mr. Batts, including chemical spray, multiple Taser deployments, and blunt force strikes to the head and face, was objectively unreasonable under the circumstances.

55. Mr. Batts was visibly disoriented, medically compromised, and unable to comply with commands due to an acute medical emergency. He did not pose an immediate threat to staff or other detainees, nor was he attempting to flee.

56. The use of force was not applied in a good-faith effort to maintain safety or restore order. Instead, force was used as a pain-compliance mechanism against a detainee whose noncompliance was driven by illness, confusion, and neurological impairment.

57. The force was disproportionate, gratuitous, and punitive, and it violated clearly established constitutional standards governing the treatment of pretrial detainees.

58. The unconstitutional use of force against Mr. Batts was not an isolated incident, but was caused by and carried out pursuant to policies, customs, and practices of Knox County and the Knox County Sheriff's Office, including but not limited to:

   a. Policies and practices permitting or encouraging the use of pain-compliance force against detainees who are confused, medically unstable, or unable to comply with verbal commands;

   b. Failure to implement and enforce policies requiring medical diversion in lieu of force when detainees exhibit signs of serious medical or neurological distress;

   c. Inadequate training of jail staff regarding the constitutional limits of force when dealing with detainees suffering from altered mental status; and

   d. A culture in which force is treated as an acceptable substitute for medical assessment and intervention.

59. Defendant Sheriff Tom Spangler, as the final policymaker for jail operations, knew or should have known that these policies and practices posed a substantial risk of constitutional injury to detainees like Mr. Batts.

60. These policies and failures were the moving force behind the excessive force inflicted on Mr. Batts.

61. As a direct and proximate result of Defendants' unconstitutional policies and customs, Mr. Batts suffered severe physical injury, pain and suffering, and a worsening of his underlying medical condition, contributing to his death.

62. Plaintiff is entitled to an award of all damages sustained by Mr. Batts, including the physical suffering he endured before his death on January 8, 2025; the pecuniary value of the life of decedent; and all funeral expenses incurred.

63. Plaintiff is further entitled to attorney's fees, costs, and expenses of this action under 42 U.S.C. § 1988.

## COUNT III – 42 U.S.C. § 1983

### Deliberate Indifference to Serious Medical Needs

64. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

65. Mr. Batts had an objectively serious medical need while in Knox County custody, including altered mental status, impaired coordination, confusion, and symptoms consistent with severe infection and neurological compromise.

66. These symptoms were obvious, prolonged, and readily observable by jail staff. A reasonable officer or jail employee would have recognized that Mr. Batts required immediate medical evaluation and hospital care.

67. Despite this obvious medical emergency, Mr. Batts was not diverted for emergency care. Instead, he was left for hours in a holding cell while his condition deteriorated.

68. Jail staff failed to obtain timely vital signs, failed to initiate emergency medical protocols, and failed to ensure prompt transport to a hospital, despite escalating signs of distress.

69. The denial and delay of medical care were objectively unreasonable and demonstrated deliberate indifference to Mr. Batts' serious medical needs.

70. This deliberate indifference was caused by systemic policies, customs, and failures of Knox County and the Knox County Sheriff's Office, including but not limited to:

a. Failure to adequately train jail staff to recognize and respond to medical emergencies presenting as behavioral or compliance issues;

b. Policies and practices prioritizing booking and control procedures over detainee health and safety;

c. Inadequate supervision and accountability mechanisms to ensure that detainees exhibiting medical distress receive prompt care; and

d. A pattern and practice of delaying hospital transport for detainees until they become critically ill.

71. Defendant Sheriff Tom Spangler, as final policymaker, was deliberately indifferent to the known or obvious consequences of these policies and failures, which made constitutional violations like those suffered by Mr. Batts highly predictable.

72. Defendants' deliberate indifference directly and proximately caused Mr. Batts to suffer unnecessary pain, deterioration of his medical condition, and ultimately death.

73. Plaintiff is entitled to an award of all damages sustained by Mr. Batts, including the physical suffering he endured before his death on January 8, 2025; the pecuniary value of the life of decedent; and all funeral expenses incurred.

74. Plaintiff is further entitled to attorney's fees, costs, and expenses of this action under 42 U.S.C. § 1988.

## COUNT IV – 42 U.S.C. § 1983

Failure to Train, Supervise, and Discipline

75. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein

76. At all relevant times, Defendants Knox County, Tennessee and Sheriff Tom Spangler were responsible for the selection, training, supervision, and discipline of deputies, correctional officers, and jail personnel assigned to the Roger D. Wilson Detention Facility.

77. Defendants had a constitutional obligation to ensure that jail personnel were adequately trained to recognize and respond to serious medical needs of pretrial detainees and to refrain from the use of force that is objectively unreasonable under the circumstances.

78. Defendants failed to provide adequate training and supervision in multiple critical respects, including but not limited to:

   a. Training on the recognition of altered mental status, neurological impairment, and medical emergencies that present as confusion, noncompliance, or disorientation;

   b. Training on the requirement that detainees exhibiting signs of serious medical distress be diverted for immediate medical evaluation rather than subjected to booking, isolation, or force;

   c. Training on the constitutional limits governing the use of chemical agents, Tasers, and physical force against medically compromised or non-threatening pretrial detainees;

   d. Training on the obligation to obtain timely vital signs, initiate emergency medical protocols, and ensure prompt hospital transport when a detainee's condition deteriorates; and

   e. Training on distinguishing willful resistance from inability to comply due to illness or neurological impairment.

79. The need for such training was obvious. Jail personnel routinely encounter detainees suffering from intoxication, infection, head injury, mental illness, and other conditions that impair cognition and compliance.

80. Despite this obvious need, Defendants failed to implement adequate training programs or corrective measures, creating a substantial risk that detainees would be subjected to force in lieu of medical care.

81. Defendants also failed to adequately supervise and discipline jail personnel who used force against detainees experiencing medical crises, thereby ratifying unconstitutional conduct and reinforcing a culture in which force was treated as an acceptable substitute for medical intervention.

82. Defendant Sheriff Tom Spangler, as the final policymaker for jail operations, knew or should have known that the failure to train and supervise jail personnel in these areas would result in violations of detainees' constitutional rights.

83. Defendants' failure to train, supervise, and discipline amounted to deliberate indifference to the rights of pretrial detainees, including Mr. Batts.

84. The constitutional violations suffered by Mr. Batts were a highly predictable and plainly obvious consequence of Defendants' failure to train and supervise their personnel.

85. Defendants' failure to train and supervise was a moving force behind the excessive force used against Mr. Batts and the denial and delay of adequate medical care while he was in custody.

86. The absence of an in-house mental health facility at the Knox County Jail made the need for adequate training, supervision, and medical-diversion protocols particularly obvious. Defendants' failure to provide such training in an environment where jail staff routinely confront

detainees in medical or mental crisis constituted deliberate indifference to the constitutional rights of pretrial detainees, including Mr. Batts.

87. As a direct and proximate result of Defendants' unconstitutional failures, Mr. Batts suffered severe physical injury, unnecessary pain and suffering, deterioration of his medical condition, and death, causing damages recoverable by Plaintiff under federal law.

88. Plaintiff is further entitled to attorney's fees, costs, and expenses of this action under 42 U.S.C. § 1988.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. That Defendants be made to answer this Complaint within the time allotted by the Federal Rules of Civil Procedure;

2. An award of all compensatory damages in an amount to be determined by a jury;

3. An award of all prejudgment and post-judgment interest;

4. A declaratory judgment against Defendants that practices applied to the Plaintiff and/or the decedent were unconstitutional and an injunction enjoining these Defendants from any further such conduct;

5. An award of reasonable attorney's fees and costs;

6. Such other legal and equitable relief to which Plaintiff may be entitled;

7. Punitive damages, if appropriate; and

8. Plaintiff further demands a jury to try this cause.

Respectfully submitted,

/s/ Dan Channing Stanley
Dan Channing Stanley (TN Bar # 021002)
KNOXVILLE ATTORNEY, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 337-5737
Fax: (865) 522-9945
Email: dan@knoxvilleattorney.com

/s/ G. Madison Roberts
G. Madison Roberts (TN Bar # 040618)
LAW OFFICE OF G. MADISON ROBERTS V, PLLC
422 S. Gay Street, Suite 302
Knoxville, TN 37902
Phone: (423) 504-2054
Fax: (865) 381-0682
Email: gmadisonroberts@gmail.com

/s/ Ursula Bailey
Ursula Bailey (TN Bar # 020616)
LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 337-5737
Fax: (865) 522-9945
Email: ubailey65@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

/s/  Dan Channing Stanley